UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

               Plaintiff,

-against-

U.S. DEPARTMENT OF JUSTICE,

               Defendant.

21-CV-8427 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Freedom of Information Act (FOIA), 5 U.S.C. § 552. By order dated October 18, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within thirty days of the date of this order.

## STANDARD OF REVIEW

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following information is alleged in Plaintiff's complaint. "As part of the CIA's CONTELPRO domestic assassinations program," warrantless raids on Plaintiff's apartment have been conducted. (ECF 2 at 9.) On September 28, 2015, agents from the Central Intelligence Agency (CIA) broke down the door of Plaintiff's apartment and conducted a "wellness check," after which they planted a "surveillance tower at [the] front of [his] window." (*Id.*)

Plaintiff filed suit asserting claims arising out of those events, and the matter was eventually assigned to District Judge Ronnie Abrams. *Torres v. NYPD*, No. 16-CV-2362 (RA) (KNF) (S.D.N.Y.). Plaintiff notes that Judge Abrams' husband formerly worked for Special Counsel Robert Mueller. (ECF 2 at 9.)

On April 28, 2016, CIA agents and Plaintiff's landlord, allegedly "invited by Judges Abrams and Fox," broke down the door to Plaintiff's apartment and had him taken to Bellevue Hospital, where he was forcibly medicated. (*Id.* at 9-10.)

In December 2018, someone else attempted to break down the door of Plaintiff's apartment; Plaintiff seems to have been informed that this person was NYPD Lieutenant Neil Veras but Plaintiff believes that Veras was a CIA agent. (*Id.* at 10.) On February 27, 2019, Judge Abrams and her husband allegedly had "CIA Agent" Veras and NYPD officers conduct another warrantless raid of Plaintiff's apartment, after which Plaintiff was again taken to Bellevue Hospital for a psychiatric exam and forcibly medicated.

Plaintiff has filed numerous "complaints of corruption" against Judges Abrams and Fox, which the Second Circuit has rejected on procedural grounds. (*Id*. at 12.) Plaintiff has also filed several suits arising out of these and related events, some of which have been dismissed, *Torres v. NYC Police Dep't*, ECF 1:16-CV-3437, 48 (S.D.N.Y. Apr. 21, 2021); *Torres v. NYC Health & Hosps.*, ECF 1:18-CV-4665, 40 (S.D.N.Y. Jan. 8, 2021), *appeal dismissed*, No. 21-176 (2d Cir. June 24, 2021); *Torres v. NYLAG*, ECF 1:20-CV-6396, (S.D.N.Y. Sept. 24, 2020), *appeal dismissed*, No. 20-3383 (2d Cir. Mar. 24, 2021), and another of which has been "abusively stayed . . . for 15 months." *Torres v. City of New York*, No. 19-CV-6332 (ER) (KHP) (S.D.N.Y.).

Plaintiff now seeks documents that would, among other things, show any connection between former Special Counsel Robert Mueller, the United States Department of Justice, or "CIA agent" Veras, and Plaintiff's pending lawsuits. On April 6, 2021, Plaintiff submitted a FOIA request for documents to the United States Department of Justice, seeking the following:

> Copies of all communications, telephone records, electronic communications, audio recordings, and all records of contacts between the U.S. Department of Justice and the court or with any other person or agency such as the U.S. Attorney's Office of the Southern District of New York, the New York City of

3

> Police Department, or the City of New York Law Department about cases SDNY 16CV2362 and 19CV6332.
>
> The relation to DOJ by the man that appears in a photograph identified as NYPD Lt. Veras as perpetrator of the 2-27-2019.
>
> Any and all activities between the [O]ffice of Special Counsel Robert Mueller and his assistant Greg Andres, to these lawsuits.

(ECF 2 at 12.)

It is unclear from Plaintiff's allegations how the DOJ responded to this inquiry, but the DOJ did not produce any documents. On August 6, 2021, Plaintiff appealed, but it is unclear what response, if any, he received to this appeal. He alleges, however, that to date, the DOJ has "not released the requested documents." (*Id.*)

Plaintiff brings this suit against the DOJ, seeking an order directing the DOJ to release the documents that he seeks.

## DISCUSSION

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, provides members of the public a right of access to some information from federal executive agencies. Federal courts have jurisdiction to enforce this right if a requester can show that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

A FOIA request must reasonably describe the records of interest. *See, e.g.*, *Robert v. Cent. Intel. Agency*, No. 02-CV-6788 (JS)(AKT), 2018 WL 1598611, at *6 (E.D.N.Y. Mar. 31, 2018) ("Plaintiff's requests for 'all files and/or reports' on 'Arch of the Covenant,' and 'military

4

or non-military reports of angels and persons dressed in white' are not specific enough for an employee of the agency to find all files regarding this information with a 'reasonable amount of effort'").

For requested materials to qualify as "agency records," two requirements must be satisfied: (i) "an agency must 'either create or obtain' the requested materials," and (ii) "the agency must be in control of the requested materials at the time the FOIA request is made." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 479 (2d Cir. 1999). An agency need only conduct a reasonable search of its own files. *Jones-Edwards v. Appeal Bd. of Nat. Sec. Agency Cent. Sec. Agency*, 352 F. Supp. 2d 420, 424 (S.D.N.Y. 2005) (federal agency is not required to "conduct a world-wide intelligence gathering operation" to satisfy a FOIA request); *Garcia v. United States Dep't of Justice*, 181 F. Supp. 2d 356, 366 (S.D.N.Y. 2002) (noting that once an agency demonstrates that it has conducted a "reasonable search for relevant documents," the agency "has fulfilled its obligations under FOIA").

Before seeking judicial review, a FOIA applicant must exhaust administrative remedies by completing the administrative appeal process. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *see Sloman v. U. S. Dep't of Justice*, 832 F. Supp. 63, 65-66 (S.D.N.Y. 1993). The exhaustion requirement allows the targeted agency to correct its own errors, which obviates unnecessary judicial review. *See McKart v. United States*, 395 U.S. 185, 193-94 (1969); *New York Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("[P]rior to judicial review, the [plaintiff] must exhaust h[is] administrative remedies.").

The FOIA establishes the following administrative process:

> Each agency, upon any request for records . . . shall  (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify

>the person making such request of – (I) such determination and the reasons therefor[.]

5 U.S.C. § 552(a)(6)(A)(i); see 28 C.F.R. § 16.6(b), (c). If the request is denied, the requester may appeal the adverse determination to the head of the agency within 90 days. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

Here, Plaintiff alleges that he did not receive any records in response to his requests. This allegation is insufficient to state a claim that the DOJ improperly withheld agency records, or that its search for records was inadequate. It is unclear from the allegations of the complaint whether, for example, the agency found responsive documents but withheld them based on an asserted exception to its disclosure obligations, or whether the DOJ simply stated that it had no documents responsive to his request. Plaintiff's allegations thus fail to state a claim that agency records were improperly withheld.

Moreover, it is also unclear if Plaintiff exhausted his administrative remedies. Plaintiff had 90 days to appeal the agency's adverse FOIA determination, 5 U.S.C. § 552(a)(6)(A)(i). He alleges that he appealed on August 6, 2021, and the head of the agency has not responded. A FOIA requester is deemed to have exhausted his administrative remedies if he files a timely appeal but the agency does not respond within applicable limits. *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010) (relying on 5 U.S.C. § 552(a)(6)(C)(i)). Plaintiff does not plead any facts about the agency's decision or the date it issued its decision, and it is thus unclear if Plaintiff's appeal to the head of the agency was timely. The complaint thus does not show that Plaintiff can be deemed to have exhausted his administrative remedies.

Finally, the Court notes that Plaintiff's FOIA requests, which, for example, seek "[a]ny and all activities between the [O]ffice of Special Counsel Robert Mueller and his assistant Greg Andres, to these lawsuits" (ECF 2 at 9), are broad and vague and appear to require significant

research. For all of these reasons, Plaintiff's complaint fails to state a claim that the DOJ has improperly withheld agency records.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FOIA, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against the defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what the defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

   d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-8427 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Dated:   October 25, 2021
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

I.  **BASIS FOR JURISDICTION**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

A.  **If you checked Federal Question**

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

B.  **If you checked Diversity of Citizenship**

   1.  **Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
             (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name            Middle Initial         Last Name

_____

Street Address

_____

County, City                         State              Zip Code

_____

Telephone Number                 Email Address (if available)

Page 3

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State           Zip Code

Defendant 2: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State           Zip Code

Defendant 3: _____
             First Name                    Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City              State           Zip Code

Defendant 4:

    First Name      Last Name

    Current Job Title (or other identifying information)

    Current Work Address (or other address where defendant may be served)

    County, City      State      Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Street Address

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.