UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                    Plaintiff,

          -against-

U.S. DEPARTMENT OF JUSTICE,

                    Defendant.

21-CV-8427 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this action invoking the

Freedom of Information Act (FOIA), 5 U.S.C. § 552. By order dated October 25, 2021, the Court

directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff

filed an amended complaint on November 23, 2021. The Court has reviewed it and concludes

that Plaintiff has not cured the deficiencies that the Court identified in his initial complaint. For

the reasons set forth below, the Court grants Plaintiff thirty days' leave to file a second amended

complaint.

**STANDARD OF REVIEW**

          The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

## BACKGROUND

In his amended complaint, Plaintiff Wilfredo Torres makes the following allegations. On

April 6, 2021, Plaintiff filed multiple requests with the Department of Justice (DOJ) under the

FOIA. (ECF 6 at 13.)  He sought the following:

> (1) copies of the DOJ's communications regarding Plaintiff's civil actions under
> docket numbers 16-CV-2362[1] and 19-CV-6332[2];
>
> (2) information about whether the DOJ (or the Central Intelligence Agency (CIA)
> or other federal agency) employs a man who appears in a certain photograph;
>
> (3) communications between Special Counsel Robert Mueller [who was
> appointed special counsel to investigate Russian interference in the 2016 U.S.
> Presidential election], and Mueller's "assistant Greg Andres to lawsuits SDNY
> 16CV2362, 19CV6332," or Plaintiff's other actions filed since 2015; and
>
> (4) copies of the DOJ's communications with the United States District Court for
> the Southern District of New York, the New York City Law Department, or "any
> lawyers" connected to Plaintiff's cases under docket numbers16-CV-2362 and 19-
> CV-6332, and other actions Plaintiff has filed since 2015.

---

[1] In *Torres v. Bellevue South Assoc., LP*, ECF 1:16-CV-2362, 392 (S.D.N.Y. June 18, 2020), Plaintiff argued that on April 28, 2016, agents of the CIA kidnapped him because of his inclusion on a federal terrorist list. On Defendants' motion for summary judgment, which the court granted, the court found that the undisputed facts showed that Plaintiff had spinal surgery on April 26, 2016, and had discharged himself against medical advice. (ECF 392 at 9.) NYU Hospital asked the Fire Department of New York (FDNY) to perform a wellness check on him, and FDNY employees accompanied by officers from the New York City Police Department went to Plaintiff's apartment. Plaintiff's surgical drain had been removed. Dr. Buckland determined that Plaintiff should be committed for medical evaluation. After x-rays and other medical and psychiatric evaluation, Plaintiff was released from the hospital on April 29, 2016.

[2] In *Torres v. City of New York*, ECF 1:19-CV-6332 (S.D.N.Y.), Plaintiff asserts claims arising from entry into his apartment on December 13, 2018, and February 27, 2019, and his involuntary psychiatric commitment. The action remains pending. The operative complaints in the actions under docket numbers 19-CV-6332 (ECF 12) and 16-CV-2362 (ECF 291) do not include federal defendants, and no attorney from the DOJ represented any defendant in either action.

(*Id.* at 13.)

Plaintiff provides the following five numbers for his FOIA requests: "EMRUFOIA 040621; FOIA 2021 01078 DRH:SLE; FOIPA 149005-000; A2021-02615; A-2021-02617." (*Id.*) It is unclear which of these five numbers corresponds to any one of his four requests.

Plaintiff does not plead any facts about the timing or content of the DOJ's response to his FOIA inquiry other than to say that the agency has "failed to produce the requested documents." (*Id.* at 14.)

On August 6, 2021, Plaintiff filed appeals "A-2021-02615 and A-2021-02617." (*Id.*) It is unclear what response, if any, Plaintiff received on his appeal, but as of November 23, 2021, when Plaintiff filed his amended complaint, the DOJ "has not produced the documents." (*Id.*)

In addition to the allegations regarding his FOIA requests, Plaintiff repeats the allegations made in his prior actions – about various entries into his home and his forcible commitment – and contends that as a result of Defendant's actions, he has suffered "PTSD [and] permanent damage to spinal surgery requiring treatment." (*Id.* at 14.) Plaintiff names the United States Department of Justice as the sole defendant.

## DISCUSSION

As set forth in the Court's October 25, 2021 order, the FOIA provides members of the public a right of access to some information from federal executive agencies. 5 U.S.C. § 552. Federal courts have jurisdiction to enforce this right if a requester shows that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *see also Main St. Legal Servs., Inc. v. Nat' Sec. Council*, 811 F.3d 542, 566

3

(2d Cir. 2016) (noting that the Supreme Court, in *Tax Analysts*, "appears to have used the term [jurisdiction] in the sense of remedial power rather than subject-matter jurisdiction").

A FOIA request must reasonably describe the records of interest. *See, e.g.*, *Robert v. Cent. Intel. Agency*, No. 02-CV-6788, 2018 WL 1598611, at *6 (E.D.N.Y. Mar. 31, 2018) ("Plaintiff's requests for 'all files and/or reports' on 'military or non-military reports of angels and persons dressed in white' are not specific enough for an employee of the agency to find all files regarding this information with a 'reasonable amount of effort'").

Moreover, an agency need only conduct a reasonable search of its own files. *Jones-Edwards v. Appeal Bd. of Nat. Sec. Agency Cent. Sec. Agency*, 352 F. Supp. 2d 420, 424 (S.D.N.Y. 2005) (federal agency is not required to "conduct a world-wide intelligence gathering operation" to satisfy a FOIA request); *Garcia v. United States Dep't of Justice*, 181 F. Supp. 2d 356, 366 (S.D.N.Y. 2002) (noting that once an agency demonstrates that it has conducted a "reasonable search for relevant documents," the agency "has fulfilled its obligations under FOIA").

Before seeking judicial review, a FOIA applicant must exhaust administrative remedies by completing the administrative appeal process. 5 U.S.C. § 552(a)(6)(A)(i)-(ii). The FOIA establishes the following administrative process:

> Each agency, upon any request for records . . . shall  (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of – (I) such determination and the reasons therefor[.]

5 U.S.C. § 552(a)(6)(A)(i); *see* 28 C.F.R. § 16.6(b), (c). If the request is denied, the requester must be given "not less than 90 days after the date of such adverse determination" to appeal the adverse determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

Here, Plaintiff alleges that he appealed two of the agency decisions on his FOIA request(s). First, it is unclear which of the document requests were the subject of his two appeals. Next, although Plaintiff states that he has not received any documents, it is unclear from the allegations of the amended complaint how the DOJ initially resolved Plaintiff's FOIA requests – whether the DOJ indicated that it searched for documents and found none, or that it could not conduct a search because his request was insufficiently specific, or that the documents requested fell within some exception to FOIA disclosure requirements, for example.

Plaintiff attaches to his amended complaint various news stories about the 9/11 attacks and the Federal Bureau of Investigation's Terrorist Screening Database, his complaint to the police charging that the "wellness check" on him at his home was part of a COINTELPRO terrorist program, and his discharge papers from Bellevue Hospital Center. The only FOIA-related document attached to the complaint is the first page of his 2006 letter to the CIA seeking information about his alleged designation as a person suspected of posing "a threat to civil aviation." (ECF 6 at 16.)

Plaintiff also does not indicate whether he received a final decision on his appeal from one or more of his FOIA requests. While "exhaustion of administrative remedies is normally required as a precondition to suit under the FOIA," *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010), a requester "may be deemed to have exhausted constructively if the agency fails to make a timely response to the initial request." *Robert v. Dep't of Just.*, 193 F. App'x 8, 9 (2d Cir. 2006) (summary order).[3] Here, Plaintiff does not allege any facts about whether the

---

[3] The Court of Appeals for the Second Circuit has expressed doubt that exhaustion in the FOIA context is jurisdictional. *See Robert*, 193 F. App'x at 9 ("We are not certain, however, that the district court was correct to characterize [the failure to exhaust remedies] as a jurisdictional issue.").

agency responded to his appeal, or, if so, whether it affirmed the initial agency decision, or remanded the request, in part or in whole, for further agency action. Plaintiff states that he has not received the documents that he requested but this could be for any number of reasons – because the agency did not locate any documents, because his request was improper,[4] or because it notified him that it needed more time to gather documents. *See, e.g.*, *Robert*, , 2018 WL 1598611, at *6 ("The plaintiff is considered to have failed to exhaust [his] administrative remedies, and the complaint must be dismissed" if he failed to make a proper FOIA request pursuant to the agency's regulations."), *aff'd*, 779 F. App'x 58 (2d Cir. 2019). Plaintiff thus fails to plead facts showing that the DOJ improperly withheld agency records and that he fully exhausted his administrative remedies such that the matter is ripe for judicial review.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court granted Plaintiff an opportunity to amend to plead additional facts about exhaustion of his FOIA requests, and the allegations of the amended complaint failed to address these deficiencies. Nevertheless, because it is unclear if the defects in Plaintiff's amended complaint can be cured with further amendment, the Court grants Plaintiff a final opportunity to amend his complaint.

In his second amended complaint, Plaintiff must plead facts about his FOIA requests and his appeals from the agency decision, including which requests he appealed (that is, what is the

---

[4] Although it is not clear which FOIA requests Plaintiff pursued on appeal, the Court notes that some of his requests appear to be improper. For example, because an agency is required to search only its own records, Plaintiff's request asking for information on whether a person in his photograph worked for the CIA – a different federal agency – appears to be improper.

subject matter of the FOIA request(s) that he appealed), what was the basis for the agency's initial denial of his FOIA request, and what was the decision on his appeal. Plaintiff may wish to include copies of these FOIA requests and the agency's responses.[5]

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 21-CV-8427 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    December 6, 2021
        New York, New York

                                /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                Chief United States District Judge

---

[5] The Court notes that this order is not a final disposition of this action, and an appeal of this decision at this time would be an improper interlocutory appeal.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## SECOND AMENDED
# COMPLAINT

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                           Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                  Zip Code

Defendant 2:
_____
First Name                           Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                  Zip Code

Defendant 3:
_____
First Name                           Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                  Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                  Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name        Middle Initial | Last Name |
| Street Address | |
| County, City | State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at
   www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address              City              State              Zip Code

_____
Telephone Number                     E-mail Address

_____
Date                                 Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007