UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO TORRES,

                Plaintiff,

-against-

U.S. DEPARTMENT OF JUSTICE,

                Defendant.

21-CV-8427 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that he did not receive any documents in response to his requests to the United States Department of Justice (DOJ) under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. The Court granted Plaintiff two opportunities to amend his complaint to address deficiencies in his original pleading. Plaintiff filed a second amended complaint on January 4, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Wilfredo Torres makes the following allegations in his second amended complaint. On April 6, 2021, Plaintiff filed two FOIA requests with the DOJ. He identifies his FOIA requests as having been made under the numbers "040621-18" and "2021-01078." (ECF 8 at 14.) Plaintiff reached out to the DOJ twice by telephone (on April 14, 2021, and August 6, 2021) to inquire about these requests, but he was directed to "other agency divisions." (*Id.* at 15.)

Plaintiff attaches a letter dated August 6, 2021, from the Inspector General of the DOJ, which states:

> The matters you raised are outside our investigative jurisdiction. Therefore no action can be taken by our office. You may wish to consult the following web page for information on where to submit certain complaints that do not fall within the DOJ OIG's investigative authority: https//oig.justice.gov/hotline/non_doj_complaints.
>
> Please be advised that this is the only correspondence you will receive from our Office regarding this matter . . . .

(*Id.* at 26.)

Plaintiff appears to treat the DOJ OIG's August 6 2021, letter as a denial of his FOIA request, though the letter makes no reference to the FOIA. According to Plaintiff, on August 6, 2021, the same date as the letter, he appealed the denial of his "FOIA requests" made (1) under number "040621-18," which he had previously identified as one of his April 6, 2021 FOIA

2

requests; and (2) under number "A-2021-02165," which is not the same number that he had identified as his second April 6, 2021 FOIA request ("2021-01078"). It is unclear to whom Plaintiff sent the appeals. In October 2021, not having received any response, Plaintiff brought this action.

Plaintiff states that, in his requests to the DOJ under numbers "040621-18," and "2021-01078," he sought the following:

> Copies of all communications, telephone records, electronic communications, audio recordings, and all records of contacts between the U.S. Department of Justice and the court or with any other person or agency such as the U.S. Attorney's Office of the Southern District of New York, the New York City of Police Department, or the City of New York Law Department about cases SDNY 16CV2362 and 19CV6332.
>
> The relation to DOJ by the man that appears in a photograph and who is tentatively identified as New York City Police Department Lieutenant Neil Veras as principal perpetrator of a2-27-2019 warrantless raid of my apartment.

(*Id.* at 14) (errors in original). This description of Plaintiff's FOIA request(s) differs from the descriptions that Plaintiff provided in his original and amended complaint.[1]

Plaintiff includes allegations about his FOIA requests only on the last two pages of his complaint. The bulk of Plaintiff's complaint is devoted to a discussion of the "warrantless raids on his apartment," disguised as "wellness checks," which began on September 28, 2015. (*Id.* at 9.) Other "wellness checks" were conducted on April 28, 2016, and February 27, 2019. Plaintiff has brought suits arising out of these incidents. *See, e.g.*, *Torres v. NYPD*, No. 16-CV-2362 (RA) (KNF) (S.D.N.Y.) (suit arising from events on September 28, 2015); *Torres v. City of New York*,

---

[1] In his original complaint, Plaintiff alleged that he also requested information about "[a]ny and all activities between the [O]ffice of Special Counsel Robert Mueller and his assistant Greg Andres, to these lawsuits." (ECF 2 at 12.) Plaintiff's first amended complaint stated that he asked whether NYPD Lieutenant Neil Veras "is employed in any way shape or form at the U.S. Department of Justice or the U.S. Central Intelligence Agency or any other federal agency." (ECF 6 at 13.)

3

No. 19-CV-6332 (ER) (KHP) (S.D.N.Y.) (suit arising from alleged entry into Plaintiff's apartment on December 13, 2018, and February 10, 2019, and February 27, 2019, and from his having been taken for an involuntary psychiatric examination).[2]

Plaintiff discusses the alleged "felonies committed by [District Judge Ronnie] Abrams, [Greg] Anders, and [Magistrate Judge] Fox," and he asserts that "the Chief Judge for the U.S. Court of Appeals for the Second Circuit, Debra Ann Livingston, refuses to process his corruption complaint against them." (*Id.* at 13.) He further alleges that the undersigned has refused "to process [his] lawsuit against the U.S. Department of Justice (21CV8427) for the release of records that among other things will indicate that while Andres was employed at DOJ prosecuting and jailing giants like Paul Manafort, he was simultaneously committing crimes against [Plaintiff]." (*Id.* at 14.) Plaintiff attaches to his complaint a 2006 FOIA request to the Central Intelligence Agency; news articles about former U.S. Attorney Geoffrey Berman, Donald J. Trump, and a petition by the 9/11 Truth Movement for a special grand jury; and his letter to the New York City Police Department asserting that on September 28, 2015, "COINTELPRO terrorists employed as policemen by your agency" had broken the door to Plaintiff's apartment.

Plaintiff alleges that his injuries include "PTSD, heart disease, [and] exacerbation of [his] back injury." (*Id.* at 6.) He seeks an order directing the DOJ to release the requested documents. (*Id.*)

---

[2] Plaintiff has also filed other similar suits. *See, e.g., Torres v. NYC Police Dep't*, ECF 1:16-CV-3437, 48 (S.D.N.Y. Apr. 21, 2021); *Torres v. NYC Health & Hosps.*, ECF 1:18-CV-4665, 40 (S.D.N.Y. Jan. 8, 2021), *appeal dismissed*, No. 21-176 (2d Cir. June 24, 2021); *Torres v. NYLAG*, ECF 1:20-CV-6396, 2 (S.D.N.Y. Sept. 24, 2020), *appeal dismissed*, No. 20-3383 (2d Cir. Mar. 24, 2021).

**DISCUSSION**

As set forth in the Court's prior orders, the FOIA provides members of the public a right of access to some information from federal executive agencies. Federal courts can enforce this right if a requester shows that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).

For requested materials to qualify as "agency records," two requirements must be satisfied: (i) "an agency must 'either create or obtain' the requested materials," and (ii) "the agency must be in control of the requested materials at the time the FOIA request is made." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 479 (2d Cir. 1999). An agency need only conduct a reasonable search of its own files. *Jones-Edwards v. Appeal Bd. of Nat. Sec. Agency Cent. Sec. Agency*, 352 F. Supp. 2d 420, 424 (S.D.N.Y. 2005) (holding that a federal agency is not required to "conduct a world-wide intelligence gathering operation" to satisfy a FOIA request).

A FOIA request must also reasonably describe the records of interest. Records are reasonably described "if a professional employee of the agency familiar with the subject matter can locate the records with a 'reasonable amount of effort.'" *Armstrong v. Bush*, 139 F.R.D. 547, 553 (D.D.C. 1991) (quoting *Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*, 632 F. Supp. 1272, 1278 (D.D.C.1986) (holding that a record request that would have required the agency "to search virtually every file contained in over 356 branch and division offices, up to and including the director's office" was unreasonable), *aff'd*, 907 F.2d 203 (D.C. Cir.1990)).

Before seeking judicial review, a FOIA applicant must exhaust administrative remedies by completing the administrative appeal process. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *see Sloman v.*

*U. S. Dep't of Justice*, 832 F. Supp. 63, 65-66 (S.D.N.Y. 1993). The exhaustion requirement allows the targeted agency to correct its own errors, which obviates unnecessary judicial review. *See McKart v. United States*, 395 U.S. 185, 193-94 (1969); *New York Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("[P]rior to judicial review, the [plaintiff] must exhaust h[is] administrative remedies.").

> The FOIA establishes the following administrative process:
>
> Each agency, upon any request for records . . . shall  (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of – (I) such determination and the reasons therefor[.]

5 U.S.C. § 552(a)(6)(A)(i); *see* 28 C.F.R. § 16.6(b), (c). If the request is denied, the requester may appeal the adverse determination to the head of the agency within 90 days. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa).

Plaintiff's FOIA claims suffer numerous defects. First, his FOIA requests do not reasonably describe the records of interest. Plaintiff provides several different versions of his requests, and it appears from the DOJ OIG's response in its August 6, 2021 letter – which Plaintiff treats as the denial of his FOIA requests – that the agency did not understand his inquiry to be a FOIA request. Next, Plaintiff's extremely broad requests do not seek records that a DOJ employee can locate with a reasonable amount of effort. *See, e.g., Robert v. Cent. Intel. Agency*, No. 02-CV-6788, 2018 WL 1598611, at *6 (E.D.N.Y. Mar. 31, 2018) (holding that "Plaintiff's requests for 'all files and/or reports' on 'military or non-military reports of angels and persons dressed in white'" were not sufficiently specific). Moreover, a response to some versions of Plaintiff's requests would require investigation into records outside the agency.

In addition to these defects in Plaintiff's FOIA requests, Plaintiff does not show that he has exhausted his administrative remedies. Plaintiff alleges that he filed two FOIA requests on

April 6, 2021, and that he filed two appeals in August 2021, but at least one of the appeals is from a FOIA request with a number that does not correspond to the initial April 2021 FOIA request that he filed. Plaintiff's allegations thus do not provide adequate information about which request he appealed. For all of these reasons, Plaintiff's second amended complaint does not plead facts showing that the DOJ improperly withheld agency records.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Plaintiff has already had two opportunities to amend his complaint to cure its defects. Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.[3]

## CONCLUSION

Plaintiff's second amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] Nothing in this order prevents Plaintiff from filing a new, properly narrow FOIA request. If Plaintiff does so, and if he seeks judicial review of the denial of such request, it may be preferable for him to include his actual FOIA request and any response thereto, rather than attempting to summarize his request.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 1, 2022
        New York, New York

                                      /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                  Chief United States District Judge